ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of -- ) | |
| ) | |
| KBAJ Enterprises, LLC t/d/b/a Home Again ) | ASBCA Nos. 59932, 59933 |
| ) | 59934, 59935 |
| ) | |
| Under Contract Nos. SPE5E2-15-V-3380 ) | |
| SPE5E7-15-V-2679 ) | |
| SPE5E8-15-V-3907 ) | |
| SPE5E4-15-V-4731 ) | |

APPEARANCE FOR THE APPELLANT:    Mr. Joseph Dente
                                 General Manager, Member and
                                 Corporate Officer

APPEARANCES FOR THE GOVERNMENT:  Daniel K. Poling, Esq.
                                  DLA Chief Trial Attorney
                                 John F. Basiak, Jr., Esq.
                                 Steven C. Herrera, Esq.
                                 J. Maxwell Carrion, Esq.
                                  Trial Attorneys
                                  DLA Troop Support
                                  Philadelphia, PA

## OPINION BY ADMINISTRATIVE JUDGE MELNICK ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

The government moves to dismiss these appeals for lack of jurisdiction, arguing, among other things, that appellant failed to submit a proper claim pursuant to the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 7101-7019. Since the Board determines that appellant failed to submit a claim in a sum certain to the contracting officer (CO) for a decision, the government's motion is granted.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. In February and March 2015, the Defense Logistics Agency Troop Support (DLA or government) issued unilateral Purchase Order (PO) Nos. SPE5E2-15-V-3380 (PO 3380), SPE5E7-15-V-2679 (PO 2679), SPE5E8-15-V-3907 (PO 3907), and SPE5E4-15-V-4731 (PO 4731) to KBAJ Enterprises, LLC t/d/b/a Home Again[1] (KBAJ or

---

[1] Each of the POs that is the subject of these appeals was issued to "KBAJ Enterprises DBA." These appeals were filed by appellant's representative in the name of KBAJ Enterprises LLC. At the Board's direction, the parties clarified that the

appellant) for the delivery of various supplies. Each PO identified a specific source and part number for the supply and provided a delivery date. (R4, tabs 3, 10, 22, 29)

2. The POs incorporated DLA Directive clause 52.211-9014, CONTRACTOR RETENTION OF TRACEABILITY DOCUMENTATION (AUG 2012) (R4, tab 36 at 149[2], tab 37 at 172). This clause generally provides that a contractor shall maintain traceability documentation when the contractor is not the manufacturer of the item being furnished to the government (R4, tab 35).

3. Subsequent to the issuance of the POs, the CO directed KBAJ to stop work and requested traceability documentation from KBAJ demonstrating that the items being furnished would be supplied by the source identified in the POs. The CO communicated to KBAJ that the POs may be cancelled if no documentation was received. (R4, tab 5 at 21-23, tab 19 at 87-89, tab 24 at 106-07, tab 31 at 127-29)

4. KBAJ requested additional information concerning the agency level protests in connection with the issued POs that prompted the CO's stop work directives (R4, tab 5 at 20, tab 19 at 84-87, tab 24 at 104-05, tab 31 at 127). KBAJ later requested an independent review of the protest matters pursuant to Federal Acquisition Regulation (FAR) 33.103 and the name and contact information of the person who would conduct the review (R4, tab 5 at 19, tab 17 at 58-59, tab 24 at 104, tab 31 at 127).

5. In emails dated 3 April 2015, the CO notified KBAJ that its previously supplied traceability documentation for POs 3380 and 2679 was insufficient and stated her intention to fully cancel the two POs at no cost to either party. The CO also denied KBAJ's prior requests for an independent review, deeming the matters at hand a contract administration issue. (R4, tab 12 at 39, tab 24 at 103) Unilateral modifications cancelling the two POs in their entirety were issued on the same date (R4, tabs 11, 23).

6. In emails dated 7 April 2015, the CO also determined that traceability documentation supplied by KBAJ in connection with POs 3907 and 4731 was insufficient and stated her intention to cancel the POs at no cost to either party. The CO also denied KBAJ's prior requests for an independent review. (R4, tab 5 at 17, tab 31 at 126) Unilateral modifications cancelling the two POs in their entirety were issued on the same date (R4, tabs 4, 30).

---

proper name of appellant in these appeals is "KBAJ Enterprises, LLC t/d/b/a Home Again." (*See* Bd. corr., gov't ltr. dtd. 9 June 2016, ex. A) The caption in these appeals is modified accordingly.

[2] Citations to the Rule 4 file are to the consecutively-numbered pages unless otherwise indicated.

7. In emails dated 7 April 2015, KBAJ requested the CO to reconsider and reverse the cancellation of the POs. It asserted, among other things, that the provided documentation met and exceeded requirements. (R4, tab 5 at 15-17, tab 19 at 81-82, tab 31 at 125-26; compl. (ASBCA No. 59933), ex. G). If the CO refused to rescind the cancellations, KBAJ reiterated that it "will take this matter as far as necessary to prove our position is correct" (*id.*).

8. The record includes a 9 April 2015 email from the CO in which she communicated her refusal to rescind the cancellation of PO 3907 (R4, tab 5 at 15). No response to KBAJ's 7 April 2015 emails with respect to the other three POs is included in the record.

9. In emails dated 10 April 2015, KBAJ appealed to the Board from the CO's 3 April and 7 April 2015 emails (*see* SOF ¶¶ 5-6). The Board docketed ASBCA No. 59932 in connection with PO 3380, ASBCA No. 59933 in connection with PO 2679, ASBCA No. 59934 in connection with PO 3907, and ASBCA No. 59935 in connection with PO 4731. All four appeals were consolidated.

## DECISION

Among the arguments raised in its motion, DLA contends that KBAJ failed to submit a proper claim under the CDA in these appeals. Specifically, DLA argues that KBAJ has not submitted a claim in a sum certain for damages. KBAJ counters that it has appealed from written decisions that cancelled each of the POs that are the subject of these appeals. Alternatively, it contends that DLA has otherwise issued decisions on its "several written demands and written assertions to the contracting officers seeking interpretation of contract terms and issues arising out of or relating to the contract itself" (app. opp'n at 4). With regard to DLA's contention that KBAJ has not asserted a sum certain amount, KBAJ argues that it is premature to plead a sum certain for monetary damages because "if this Board finds in [its] favor and the cost of goods has risen since the award date, then [its] damage claim may increase accordingly" and "DLA is aware of the amount in dispute in that, [its] claims are based upon the [value] of the contracts at issue" (*id.* at 5). Moreover, KBAJ asserts that it attempted to discuss damages with the CO but its attempts were ignored (*id.* at 6).

A prerequisite for the Board to exercise jurisdiction over an appeal under the CDA is the submittal of a claim by either the contractor or the government that is the subject of a CO's decision. 41 U.S.C. § 7103(a). The CDA does not define the term "claim"; however, the FAR defines a claim as "a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract." FAR 2.101. KBAJ contends that the CO's cancellation of the POs constitutes government claims. However, the cancellation of a unilateral PO is not a

3

government claim. *Connectec Co.*, ASBCA No. 57546, 11-2 BCA ¶ 34,797 at 171,259; *C&M Machine Products, Inc.*, ASBCA No. 39635, 90-2 BCA ¶ 22,787 at 114,446.

KBAJ next contends that the Board has jurisdiction over these appeals because it has submitted several non-monetary claims to the CO requesting, among other things, reconsideration of the cancelled POs, protest information, and an independent review that the CO has either denied in writing or effectively "deem denied" by failing to provide an adequate response (app. opp'n at 3-4). As the proponent of the Board's jurisdiction, KBAJ bears the burden of proof to establish the Board's jurisdiction by a preponderance of the evidence. *CCIE & Co.*, ASBCA Nos. 58355, 59008, 14-1 BCA ¶ 35,700 at 174,816. A claim is not required to be in any particular form or use any particular wording so long as it contains "a clear and unequivocal statement that gives the contracting officer adequate notice of the basis and amount of the claim." *Contract Cleaning Maintenance, Inc. v. United States*, 811 F.2d 586, 592 (Fed. Cir. 1987). Additionally, the claim must explicitly or implicitly request a CO's final decision. *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1327-28 (Fed. Cir. 2010). When determining whether the requirements of a claim are met, we may examine the totality of the circumstances. *CCIE*, 14-1 BCA ¶ 35,700 at 174,816.

Upon the Board's examination of the record, the only correspondence that might serve as non-monetary claims is KBAJ's 7 April 2015 emails which expressly requested reconsideration and rescission of the cancelled POs and further communicated to the CO that it would take appropriate actions if its request was denied (SOF ¶ 7). Additionally, with respect to PO 3907, the CO's 9 April 2015 email communicated her refusal to rescind the cancellation (SOF ¶ 8). Assuming *arguendo* that the 7 April emails are non-monetary claims, KBAJ's statements subsequent to the filing of these appeals reveal that the essence of the present dispute is monetary. The complaint filed in each of these appeals alleges that DLA's actions inflicted financial harm on KBAJ and prays for relief in the form of monetary damages. KBAJ's opposition to the motion asserts that the cancellations were, in effect, breaches of enforceable contracts and that the extent of the damages amount would be determined at trial (app. opp'n at 4-5). Based on these statements, it is apparent that KBAJ believes it is entitled to recover monetary damages once it prevails and has fragmented its monetary relief component in these appeals. Therefore, the Board lacks jurisdiction because the circumstances here involve "a money claim clothed as a request for contract interpretation." *Commissioning Solutions Global, LLC*, ASBCA No. 59007-945, 14-1 BCA ¶ 35,523 at 174,107 (quoting *International Creative and Training, Ltd.*, ASBCA No. 42833, 93-3 BCA ¶ 26,009 at 129,310).

KBAJ argues that the POs contain a specific dollar amount, and thus, the sum certain requirement is met (app. opp'n at 5). However, the definition of a claim requires KBAJ to seek such an amount as a matter of right and KBAJ concedes that it did not submit a monetary claim to the CO. KBAJ also argues that it is premature to quantify a sum certain because its entitlement to any damages is dependent upon a favorable ruling by the Board on its breach of contract allegations. A claim can

4

include estimated costs so long as the demanded amount is expressly stated in a sum certain. *J.P. Donovan Construction, Inc.*, ASBCA No. 55335, 10-2 BCA ¶ 34,509 at 170,171. KBAJ has already alleged that the monetary value of the POs are at issue and that it has previously attempted to discuss damages with DLA (app. opp'n at 6). There is no compelling reason for KBAJ to delay the submission of a monetary claim for breach damages to the CO.

In the absence of a claim presented to the CO in a sum certain, the Board lacks jurisdiction over these appeals. In view of this disposition, the Board need not address alternative arguments for dismissal raised by the government in its motion.

## CONCLUSION

The government's motion is granted. These appeals are dismissed for lack of jurisdiction.

Dated: 9 September 2016

MARK A. MELNICK
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

5

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 59932, 59933, 59934, 59935, Appeals of KBAJ Enterprises LLC t/d/b/a Home Again, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals
